

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CASEY CLINTON RIDGE,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al,<br><br>Respondents. | Cause No. CV 16-47-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Casey Clinton Ridge's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Ridge is a state prisoner proceeding pro se.

For the reasons detailed below it is recommended that the petition be denied for lack of merit and that a certificate of appealability be denied.

I. **Factual and Procedural Background**

Ridge's troubles began when he wrote checks to two separate materials providers for his construction business knowing he lacked sufficient funds. Ridge was subsequently charged in the Fourth Judicial District Court, Missoula County, Montana, with issuing a bad check in July of 2008. *See, State v. Ridge*, 2014 MT

1

288, 376 Mont. 534, 337 P. 3d 80; *see also* (doc. 1-2 at 7). A jury trial was scheduled for May 4, 2009, at which Ridge failed to appear. *Id.* at ¶ 2. In response, the State filed an additional charge against Ridge of bail jumping. Ridge eventually resurfaced and in January of 2010, he entered into a plea agreement with the State wherein he agreed to plead guilty to both offenses in exchange for fully suspended sentences. *Id.* Ridge failed to meet with the probation department for his presentence interview or appear at his sentencing hearing. *Id.*

Ridge was subsequently arrested in Washington state. He was brought back to Montana and reappeared before the trial court in January of 2011. Apparently, the State was willing to abide by the prior plea agreement, but advised the trial court that it was contemplating filing new charges against Ridge for his failure to appear for his March 24, 2010, sentencing. *Id.* at ¶ 3. The Court released Ridge on bail and set a new sentencing date of March 2, 2011. *Id.* Again, Ridge failed to keep his appointments with the probation department and failed to appear for his sentencing. *Id.* at ¶ 4.

Ridge was subsequently arrested. What ensued then was a series of legal wrangling regarding the validity of the original plea agreement and the potential rescission of the original agreement. On December 22, 2011, the trial court judge allowed the State to void its original plea offer on both counts based upon Ridge's failure to appear at sentencing. Ridge withdrew his previously entered guilty pleas

and two separate jury trials were set. *Id.* at ¶ 4.

On February 15, 2012, Ridge entered open pleas of "guilty" to both the bad check and the bail jumping charges. *Id.* at ¶ 5. The State recommended two consecutive 10 year sentences, with five years suspended on each count and that Ridge be required to pay the full restitution amount, rather than the reduced loss amount Ridge had negotiated directly with one of the businesses. The trial court opted not to follow the State's recommendation and instead imposed the sentence recommended in the presentence investigation report: suspended consecutive two-year sentences and the compromised reduced loss amount in relation to the bad check charge. *Id.*

The State, apparently unhappy with the trial court's sentence, requested Ridge remain in custody pending the filing of new charges. The State then charged Ridge with two new counts of bail jumping for his failure to appear at the sentencings and presentence interviews in 2010 and 2011. *Id.* at ¶ 6; *see also* (doc. 1-2 at 7-8). The State also filed notice of its intent to seek Ridge's designation as a persistent felony offender and its notice to call Judge McLean, the presiding trial court judge, as a witness in the new case.[1] As a result, Judge Larson assumed jurisdiction of the case.

---

[1] While it is unclear exactly why the State listed Judge McLean as a witness, Ridge believes this was an underhanded maneuver made to remove McLean, who had shown Ridge leniency, from presiding over the new case. See (doc. 1-1 at 2). McLean did ultimately recuse himself. Had the State wished to have a different presiding judge, however, it simply could have done so by following the procedure outlined in Mont. Code Ann. § 3-1-804(1)(b).

3

Ridge filed a motion to dismiss the new charges, on the ground of vindictive prosecution. *Id.* at ¶ 6. The State countered by arguing Ridge's conduct in the wake of the original bad check charge, coupled with the lenient sentence he received did not adequately hold him accountable, thus, the additional charges were appropriate. *Id.* Ultimately, Judge Larson denied Ridge's motion to dismiss. Ridge responded by filing a petition for a writ of supervisory control asking the Montana Supreme Court to review Judge Larson's denial of the motion to dismiss, grant Ridge's motion, and dismiss the matter with prejudice. *See, Ridge v. 4th Jud. Dist.*, No. OP 12-0332, Pet. (filed May 30, 2012). The Montana Supreme Court denied the petition, finding that Ridge had not demonstrated his case warranted the extraordinary remedy and that the matter was better suited for review on direct appeal. *Ridge v. 4th Jud. Dist.*, No. OP 12-0332, Or. (Mont. May 31, 2012).

On the eve of trial, Ridge lodged a complaint of misconduct against Judge Larson, resulting in Larson moving to recuse himself and Judge Townsend assuming jurisdiction. *State v. Ridge*, 2014 MT 288, fn. 2; (doc. 1-2 at 8-9). Upon Ridge's motion for reconsideration, Judge Townsend reviewed the vindictive prosecution argument and denied the motion. *Id.* Ridge ultimately pled guilty to the new bail jumping charges without the benefit of a plea agreement, reserving his right to appeal the denial of his motion to dismiss. *Id.* at ¶ 8. On the first bail jumping charge, Ridge received a sentence of five years to the Department of

Corrections with credit for time served. *Id*. On the second count, Ridge received a sentence of 10 years to the Department of Corrections with 5 years suspended. *Id*. The trial court declined to sentence Ridge as a persistent felony offender. *Id*.

On appeal, the Montana Supreme Court found Ridge failed to demonstrate prosecutorial vindictiveness and that the trial court properly denied his motion to dismiss. The Court reasoned that when Ridge and the State failed to reach a plea resolution on the original charges, which may have contemplated the State agreeing not to file additional charges, Ridge lost the ability to compel the State to forgo filing new charges by virtue of his open guilty plea. *Id*. at ¶ 16. The Court also noted that the additional charges brought against Ridge did not arise from the same criminal conduct as the bad check and the 2009 bail jumping, Ridge engaged in new and separate conduct when he failed to appear in 2010 and 2011. *Id*. The Court found that Ridge's own conduct objectively justified the charges and Ridge acknowledged as much by pleading guilty to both charges. *Id*.

The Court went on to find that the subsequent bail jumping charges were not a result of Ridge's initial decision to plead guilty to the original charges, but rather were made in response to the light sentence Ridge received and the State's view that the sentence imposed failed to hold Ridge adequately accountable for his own conduct. *Id*. at ¶ 18. The Court held that a prosecutor does not act vindictively "by seeking a heavier sentence in response to repeated conduct that was met with


lenient sentences." *Id.*, citing *State v. Roundstone*, 2011 MT 227, ¶ 41, 362 Mont. 74, 261 P. 3d 1009. Because the prosecutor had the ability to exercise professional judgment in determining whether or not additional charges were appropriate to respond to Ridge's repeated failure to follow the law, the filing of such charges did not support a finding of vindictive prosecution. *Id.* The trial court was affirmed. Ridge did not seek postconviction relief. (Doc. 1 at 3, ¶ 8).

## II. Ridge's Claims

In the present petition, Ridge again raises the claim of vindictive prosecution and the corresponding violation of his right to due process. (Doc. 1 at 4, ¶13(A)). Ridge relies on the state court record and briefing filed in the Montana Supreme Court. *Id.*, *see also* (doc. 1-2 at 3-52). Ridge attaches a letter in support of his petition in which he seems to argue that the decision rendered on the merits by the Montana Supreme Court resulted from an unreasonable determination of the facts in light of the evidence presented in the State court proceeding under 28 U.S.C. § 2254(d)(2). *See* (Doc. 1-1).

In support of his contention, Ridge argues that Judge Townsend's finding, and the Montana Supreme Court's adoption of her rationale, that Ridge had been engaged in plea negotiations to resolve the potential filing of new bail jumping charges along with the charges he actually faced in the original cases, was "unfounded and erroneous." (Doc. 1-1 at 1). Ridge argues that the plea

negotiations to which Judge Townsend and then the Montana Supreme Court referred were only for Cause Nos. 08-335 and 09-226[2], the original bad check and bail jumping charges, respectively. *Id.*

Ridge goes on to argue that on appeal, the State offered justifications for the purported vindictive prosecution that were not raised in the lower court. *Id.* He also asserts that the record demonstrates the additional charges were filed because the prosecutor believed Ridge didn't receive a harsh enough penalty in the first sentencing. *Id.* Ridge also faults the prosecutor for purportedly lying two times and believes the prosecutor's unsavory character was demonstrated when he maneuvered to have the Judge McLean removed from presiding over the second set of charges. *Id.* at 2. Finally, Ridge believes the prosecutor was very upset when he learned of Ridge's intent to challenge the rescission of the original plea agreement and seems to posit that that anger may have factored into the filing of the new charges. *Id.* Ridge believes that both actual and presumptive vindictiveness were shown in his case and asks this court to dismiss the charges against him. *Id.* at 3.

### III. Analysis

Ridge's petition is likely time-barred, but because he is not entitled to relief on the merits, it is more efficient to proceed to the merits. 28 U.S.C. § 2254(b)(2);

---

[2] The later bail jumping charges were filed in Cause No. 12-95.

7

*Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).[3]

When a claim was adjudicated on the merits in the State court, federal courts cannot grant a habeas application unless the adjudication of the claim:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Ridge has the "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. Ridge has failed to do so in the instant case.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). " '[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was not deliberately based upon an unjustifiable standard

---

[3] The Montana Supreme Court entered its opinion affirming the trial court's denial of his motion to dismiss for vindictive prosecution on October 28, 2014. Ridge's judgment became final on January 26, 2015, as that was the expiration of the time he had to seek certiorari review. 28 U.S.C. § 2244(d)(1)(A). Thus, Ridge's petition should have been filed in this Court on or before Tuesday, January 26, 2015. He filed his petition on March 17, 2016. (Doc. 1 at 8).

such as race, religion, or other arbitrary classification.' " *Id.* (quoting *Oyler v. Boles,* 368 U.S. 448, 456 (1962)).

So far as any of the assertions contained in Ridge's letter can be considered evidence, rather than conclusory statements, they do not meet the high bar of "clear and convincing evidence" necessary to overcome the presumption of correctness that attaches to the Montana Supreme Court's ruling. *See* 28 U.S.C. § 2254(e)(1). Ridge's argument that the finding made regarding the status of the plea negotiations at the time he pled guilty to the first set of charges is not persuasive.

The record establishes that Ridge entered an open plea without the benefit of a plea agreement. It is true the parties engaged in plea negotiations for a period of months but, ultimately, the State was allowed to rescind its prior offer. *Ridge,* 2014 MT 288, ¶ 4. While Ridge may be correct in arguing the negotiations were focused on Cause Nos. 08-335 and 09-226, ultimately it matters not because no agreement was reached and because no agreement was reached, it follows that the State provided no assurances nor was under any obligation to forego the potential filing of additional charges against Ridge. Additionally, the record demonstrates Ridge was made aware of the possibility the State was considering filing additional charges against him as early as January of 2011. *Id.* at ¶ 3. Shortly after the hearing at which the potential for new charges was raised, Ridge failed to appear for his interview with the probation department and his March 2, 2011, sentencing.

*Id.* Thus, Ridge was undoubtedly aware that a subsequent non-appearance increased the chances of new charges being filed against him.

Ridge's argument that the prosecutor was motivated to file additional charges against him because the prosecutor didn't believe Ridge received a harsh enough sentence is also unavailing. The Montana Supreme Court addressed this argument directly in its opinion. *Id.* at ¶ 12 (*citing United States v. Goodwin*, 457 U.S. 368, 372-73 (1982) ("The imposition of punishment upon the person charged is the 'very purpose' of most criminal proceedings and the presence of a 'punitive motivation' on the part of the prosecutor is a justified and legitimate response to criminal conduct."). The Court noted that while Ridge certainly had the right to plead guilty, he did not have a corresponding right to compel the State to give him the benefit of a non-existent agreement. That is, by virtue of his plea without an agreement, Ridge bore the risk that new charges could be filed. *Id.* at ¶ 16. The Court also noted the second set of charges arose from Ridge's conduct in failing to appear at scheduled proceedings in 2010 and 2011, rather than the conduct underlying his original charges. *Id.* at ¶ 17. The Court observed that the charges were not filed against Ridge in response to his decision to exercise his constitutional right to plead guilty to the original charges, but because the State did not believe the sentence Ridge received on the original charges reflected the seriousness of Ridge's conduct, i.e. his repeated failures to appear for scheduled

appearances. *Id.* at ¶ 18. The Court was persuaded by the State's position that "societal interest in prosecution" of Ridge's conduct justified the filing of the second set of bail jumping charges. *Id., citing Goodwin*, 457 U.S. at 382.

The Montana Supreme Court's finding that the prosecutor properly exercised his discretion is a reasonable one. This Court is to "presume that public officials have properly discharged their official duties." *Banks v. Dretke*, 540 U.S. 668, 696 (2004). Such a presumption can only be overcome with "exceptionally clear proof." *McClesky v. Kemp*, 481 U.S. 279, 297 (1987). While Ridge may find fault with the precise timing of the second set of charges, it is undisputed that the conduct underlying these charges can be attributable to only one person, Ridge himself. The State did not try to hide the fact that it was unhappy with the lenient sentence Ridge received on the first set of charges. The timing of the subsequent charges, however, does not convert this issue into one of constitutional import. Ridge has not met the "demanding" standard of proof necessary to establish such a violation. *See, United States v. Armstrong*, 517 U.S. 456, 463 (1996). Ridge has not shown that Montana Supreme Court's ruling was based on an unreasonable determination of the facts. Accordingly, he is not entitled to habeas relief.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

11

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Ridge has failed to demonstrate the denial of a constitutional right and there is no basis to encourage further proceedings at this time.

## RECOMMENDATION

1. Mr. Ridge's Petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ridge may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[4] As this deadline allows a party to act within 14 days after the Findings and

12

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ridge must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 3rd day of May, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.