IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| CASEY CLINTON RIDGE,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al,<br><br>Respondents. | CV 16–47–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on May 3, 2016, recommending denial and dismissal of Petitioner Casey Clinton Ridge's ("Ridge") application for writ of habeas corpus under 28 U.S.C. § 2254. Ridge timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United*

States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

In his objections, Ridge contends that: (1) Judge Lynch's factual findings are incorrect; and (2) the Findings and Recommendations erred because the prosecutor's actions support a presumption of vindictiveness that was not rebutted. The Court disagrees as to both objections.

First, Ridge argues that Judge Lynch's factual findings in the Findings and Recommendations are incorrect or inaccurate in several respects. For example, Ridge states that contrary to the factual background as stated in *Montana v. Ridge*, 337 P.3d 80, 81 (Mont. 2014), he did in fact meet with the probation officer as scheduled and the probation officer lied about him missing the appointment. Ridge further states that this, as well as other alleged factual errors in the Findings and Recommendations, can be supported through documentation. Ridge fails, however, to provide this documentation to the Court.

As mentioned by Judge Lynch, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). As such, Ridge retains the burden of rebutting this presumption by providing clear and convincing evidence. *Id.* Ridge offers nothing, other than his unsupported statements, to contradict this presumption. As such, the Court will overrule Ridge's objection to the factual and procedural background as stated in the

Findings and Recommendations.

Next, Ridge objects to the Judge Lynch's finding that the "societal interest in prosecution of Ridge's conduct justified the filing of the second set of bail jumping charges." (Doc. 11 at 13 (citing *United States v. Goodwin*, 457 U.S. 368, 382 (1982)).) Ridge maintains that no societal interest supported further prosecution. Instead, Ridge contends that the prosecutor was driven by personal reasons to bring charges against him. The Court is not persuaded.

As discussed by Judge Lynch, the Montana Supreme Court found that the societal interest supporting prosecution was Ridge's failure to comply with the law, i.e., his failure to appear for scheduled court appearances in 2010 and 2011. *Ridge*, 337 P.3d at 84. The Court agrees that this is a valid societal interest. Further, Ridge's argument that the prosecutor brought charges against him for personal reasons fails to rebut the presumption that the exercise of a public official's duties is presumed proper. *Banks v. Dretke*, 540 U.S. 668, 696 (2004); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (providing that the decision to bring charges by a prosecutor is a discretionary one). Ridge fails to provide this Court with proof that his prosecution was vindictive. *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987) ("Because discretion is essential to the criminal justice process, we would demand exceptionally clear proof before we would infer that the discretion has been abused."). As such, Ridge's arguments and

conclusory statements fail to convince this Court that he was unlawfully prosecuted. Ridge's second objection will be overruled.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL.

(2) Ridge's Petition (Doc. 1) is DENIED for lack of merit.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

Dated this 5th day of August, 2016

Dana L. Christensen, Chief Judge
United States District Court